**MAUGAOTEGA SAVANE, Plaintiff**

**v.**

**NOA LAFI, POU NOA, and the members of the NOA FAMILY of Asili, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 13-96

November 25, 1996

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:　　　For Plaintiff, Asaua Fuimaono.
　　　　　　　For Defendants, Arthur Ripley, Jr.

Order Denying Defendants' Motion for Reconsideration:

## I. Introduction

On July 10, 1996, plaintiff Maugaotega Savane ("Savane"), the senior matai of the Maugaotega Family of Asili, filed a complaint against Noa Lafi, Pou Noa, and the members of the Noa family of Asili (collectively, "defendants"), alleging that the defendants were unlawfully preparing a burial site on land entitled "Vaitai" that the Maugaotega family owned pursuant to the High Court's August 25, 1992, order disposing of LT No. 41-91, and pursuant to the Territorial Registrar's registration of the "Vaitai" land on April 20, 1992.

On July 11, 1996, the court issued a temporary restraining order against defendants and ordered them, their agents, employees, servants, relatives and attorneys to refrain from entering land "Vaitai," to refrain from doing further work on the grave, and to refrain from burying anyone therein.

On October 16, 1996, pursuant to Rule 56(a) of the Trial Court Rules of Civil Procedure, the court granted Savane's Motion for Summary Judgment against Defendants on the grounds that there was no genuine issue of material fact as to who owned title to the disputed area of Vaitai.

Defendants now move for reconsideration of the court's judgment, claiming that there are still questions of fact and law as to (1) whether a family member's right to claim land, as the family's communal land through adverse possession, is, waived when the senior matai of the family fails to take appropriate action to prosecute or defend the family's claim to the land; (2) whether a family member's right to claim land as his individually owned land through adverse possession is waived when the senior matai of the family fails to take appropriate action to prosecute or defend the family's claim to the land; (3) whether Mr. and/or Mrs. Sagatu Te\ aseu should have been joined as necessary parties in LT No. 41-91, given that they were parties in a prior case (LT NO. 44-83) involving the same land, and that they continued to occupy and cultivate the land for a considerable period of time; and (4) whether Mr. Sagatu Tevaseu and/or Mrs. Fuliole Tevaseu own the aforementioned land by adverse possession.

## II. Discussion

■ Family members do not waive the right to claim land as individually owned land or as the family's communal land through adverse possession simply because the senior matai of the family refuses to take appropriate action to defend the family's claim to the land. However, family members *do* waive the right to claim an interest in land when *they* fail to take appropriate action to prosecute or defend the family's claim to the land according to land registration statutes. In the instant case, defendants failed to file an objection to Savane's registration of title to the land Vaitai during the 60 day notice period after Savane filed an application for registration. *See* A.S.C.A. § 37.0103. The court cannot excuse defendants' failure to adhere to the statutory requirements for asserting their interests in the land; their claims to ownership are "forever precluded." *Ifopo v. Siatu'u*, 12 A.S.R.2d 24, 26 (App. Div. 1989).

We express no opinion as to whether the Tevaseus should have been joined in LT No. 41-91 or whether the Tevaseus could have presented, at the time of Savane's registration of the land, sufficient facts to support a claim of adverse possession of the land. Answers to these questions in favor of defendants would not disturb our conclusion that defendants' claims to the land are precluded with the lawful registration of the land Vaitai with the Territorial Registrar. Defendants' claims to the land are barred.

88

The motion for reconsideration is, therefore, denied.

It is so ordered.